**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 2 3 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BOYD WHITESIDE, Individually and on**
**Behalf of All Others Similarly Situated**                                    **PLAINTIFF**

This case assigned to District Judge ___Wilson___
and to Magistrate Judge ___Ray___

vs.                                    No. 4:20-cv- *304-BRW*

**EVERGREEN PACKAGING, LLC**                                    **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Boyd Whiteside ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys April Rhéaume and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Evergreen Packaging, LLC ("Defendant"), he does hereby state and allege as follows:

### I. JURISDICTION AND VENUE

1.      Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated a proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

2.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

4.      Defendant conducts business within the State of Arkansas, operating and managing a paper mill in Jefferson County.

5.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6.      Plaintiff was employed by Defendant at its factory located in the Central Division of the Eastern District of Arkansas.

7.      The acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.  THE PARTIES

8.      Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

9.      Defendant is a foreign limited liability company, registered to do business in Arkansas.

10.     Defendant's registered address for service is Corporation Service Company, 300 Spring Building, Ste 900, 300 S. Spring St, Little Rock, AR 72201.

11.     Defendant maintains a website at https://evergreenpackaging.com/.

### III. FACTUAL ALLEGATIONS

12.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13.     At all relevant times herein, Defendant was an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA.

14.     Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

15.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

16.     Plaintiff was employed by Defendant as a salaried employee from April of 2013 until February of 2020.

17.     At all times material herein, Plaintiff and the others have been entitled to the rights, protections and benefits provided under the FLSA.

18.     During the period relevant to this lawsuit, Plaintiff worked as a Process Manager at Defendant's paper mill.

19.     At all relevant times herein, Defendant directly hired Process Managers to work in its mill, paid them wages and benefits, controlled their work

schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20.    At all times material herein, Plaintiff and those similarly situated have been misclassified by Defendant as salaried employees and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

21.    Plaintiff and similarly situated employees were responsible for monitoring processes, reviewing timecards and completing shift changes with the incoming Process Manager.

22.    Plaintiff and similarly situated employees were scheduled to work eight hours per day, but they were regularly required to work more hours than they were scheduled to complete clean-up duties, turn over the shift to the incoming Process Manager, and help with problems that arose during their shift.

23.    Plaintiff and similarly situated employees regularly worked over forty hours per week.

24.    Plaintiff and other similarly situated employees did not hire or fire any other employee.

25.    Plaintiff and other similarly situated employees were not asked to provide input as to which employees should be hired or fired.

26.    At all relevant times herein, Defendant has deprived Plaintiff and similarly situated employees of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

27.    Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

28.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

29.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked in excess of forty per week;

B.     Liquidated damages; and

C.     The costs of this action, including attorney's fees.

46.     Plaintiff proposes the following class under the FLSA:

**All salaried Process Managers within the last three years.**

47.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file written a Consent to Join this lawsuit.

48.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

49.     The proposed FLSA class members are similarly situated in that they share these traits:

A.      They were classified by Defendant as exempt from the overtime provision of the FLSA;

B.      They were subject to Defendant's common policy of not paying proper overtime wages as required by the FLSA;

C.      They worked more than 40 hours in at least one week; and

D.      They had substantially similar job duties, requirements, and pay provisions.

50.     Plaintiff is unable to state the exact number of the class but believes that there are at least twenty-five (25) other employees who worked as Process Managers and were misclassified as salaried employees.

51.     Defendant can readily identify the members of the Section 16(b) class, which encompasses all salaried supervisors.

52.     The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V.  FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

53.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55.     At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56.     At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

58.     At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

59.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

60.     Defendant's failure to pay Plaintiff all wages owed was willful.

61.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

62.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

63.     Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64.     At all times relevant times to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

65.     At all times relevant to this Complaint, Defendant misclassified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

66.     Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

67.     Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

68.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.     THIRD CAUSE OF ACTION
### (Individual Claim for Violation of AMWA)

69.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

**Page 8 of 10**
**Boyd Whiteside, et al. v. Evergreen Packaging, LLC**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-____**
**Original Complaint—Collective Action**

70.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

71.    At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

72.    Sections 210 and 211 require employers to pay a minimum wage for all hours worked up to forty in one week and to pay 1.5x regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

73.    At all times relevant to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the AMWA.

74.    Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

75.    Defendant's failure to pay Plaintiff all wages owed was willful.

76.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Boyd Whiteside, individually on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B.  A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the AMWA;

C.  Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and the AMWA;

D.  Judgment for liquidated damages pursuant to the FLSA and the AMWA;

E.  For a reasonable attorney's fee, costs, and interest; and

F.  Such other relief as this Court may deem just and proper.

Respectfully submitted,

**BOYD WHITESIDE, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088

April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BOYD WHITESIDE, Individually and on**                                              **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                         No. 4:20-cv-_____

**EVERGREEN PACKAGING, LLC**                                              **DEFENDANT**

<u>**CONSENT TO JOIN COLLECTIVE ACTION**</u>

I was employed as a salaried worker for Evergreen Packaging, LLC, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**BOYD WHITESIDE**
March 23, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**